UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Chapter 13

Bankruptcy No. 21-31168
Adversary. No. _____

In Re:

Larry Darwin Anderson,

               Debtor,

Larry Darwin Anderson,

             Plaintiff,

vs.

GoodLeap, LLC,

             Defendant.

**ADVERSARY COMPLAINT**

As and for his Adversary Complaint, Plaintiff Larry Darwin Anderson ("Plaintiff") states and alleges as follows:

## JURISDICTION

1. Plaintiff brings this adversary complaint in the above-captioned case, which was filed on July 14, 2021, under Chapter 13 of Title 11, United States Code. The Court, therefore, has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns debts and property of Plaintiff and/or the bankruptcy estate, pursuant to 28 U.S.C. § 1334. This is a core proceeding under 11 U.S.C. § 157(b)(2)(F) and venue is proper under 28 U.S.C. § 1409(a).

## INTRODUCTION

2. This Complaint seeks to remedy continued violations of the Automatic Stay and Discharge provisions of the Bankruptcy Code by Defendant above-named, which

affirmatively continues collection activity after the filing of this case, despite notices of the pendency of this action, in violation of and in contempt of the Automatic Stay Order of this Court and the discharge provisions of the Bankruptcy Code, 11 U.S.C. § 524, respectively.

## FACTS

3. Plaintiff is a natural person and a debtor in this proceeding whose debts are "consumer debts" as defined in 11 USC § 101(8).

4. Defendant has a principal executive office address registered with the Minnesota Secretary of State at: 8781 Sierra College Boulevard, Roseville, CA 95661, and at all times relevant herein conducted business in this district. According to the website of the Minnesota Secretary of State, Defendant's Manager, Paramount GR Holdings, LLC, refences the same address. In addition, the Home Office Address on that website references the same address. Defendant is a pre-petition creditor, as the debt it is collecting originated prior to the filing of the aforesaid bankruptcy case.

5. Sometime prior to July 2021, Plaintiff incurred a financial obligation with Defendant.

6. As of July 17, 2020, the balance was approximately $48,897.

7. Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code on July 14, 2021.

NOTICES (5) OF BANKRUPTCY PROVIDED TO DEFENDANT

FIRST NOTICE OF BANKRUPTCY PROCEEDING

8. Defendant was listed as a creditor in Plaintiff's Chapter 13 petition and was notified of the Bankruptcy filing via the Bankruptcy Noticing Center, including the Bankruptcy case number on July 17, 2021.

9. On July 14, 2021, Plaintiff filed a Chapter 13 Plan (Local Form 3015-1).

10. On July 17, 2021, Defendant was notified of Plaintiff's Chapter 13 Plan via the Bankruptcy Noticing Center. The Court sent notice to Defendant at 8781 Sierra College Blvd., Roseville, CA 95661. Plaintiff provided that address to the Bankruptcy Court as that address is Defendant's Principal Executive Office address, the location of its manager, and the Home Office address, as referenced on the Minnesota Secretary of State website of business record details. *See* [Business Filing Details (state.mn.us)](#).

SECOND NOTICE OF BANKRUPTCY PROCEEDING

11. On September 28, 2021, Plaintiff filed a modified Chapter 13 Plan (Local Form 3015-1).

12. On September 28, 2021, Plaintiff's attorney, LifeBack Law Firm, P.A. served the Modified Chapter 13 Plan upon Defendant by sending a copy by first class mail to GoodLeap, LLC, 1010 Dale Street N., St. Paul, MN 55117-5603. Plaintiff sent notice of the Modified Chapter 13 Plan to that address, as that address is Defendant's Registered Office Address, as referenced on the Minnesota Secretary of State website of business record details. *See* [Business Filing Details (state.mn.us)](#).

3

### THIRD NOTICE OF BANKRUPTCY PROCEEDING

13. On October 15, 2021, the Bankruptcy Court confirmed a Modified Chapter 13 Plan.

14. On October 17, 2021, the Bankruptcy Court provided notice to Defendant of the confirmed Modified Chapter 13 Plan by sending notice by first class mail to Defendant at its address of 8781 Sierra College Blvd., Roseville, CA 95661.

### FOURTH NOTICE OF BANKRUPTCY PROCEEDING

15. On October 20, 2021, Patty Bell, Claims Examiner at the office of Gregory A. Burrell, the Standing Chapter 13 Trustee in Plaintiff's Chapter 13 Bankruptcy proceeding, notified Defendant that Plaintiff scheduled Defendant as a secured or priority claimant in the bankruptcy schedules in the bankruptcy case that was filed on 7/14/21; that Plaintiff listed Defendant as a creditor; that the Trustee is holding funds designated to be paid to Defendant based upon the proposed plan; that those funds cannot be disbursed because, to date, no proof of claim has been filed. The Trustee's Office further instructed Defendant that if it had not yet filed a proof of claim with the Bankruptcy Court, then to do so immediately and forward a copy to the trustee's office. The Trustee's Office lastly cautioned Defendant that if it did not file a proof of claim within deadlines prescribed by statute, the trustee may file a modified plan to remove Defendant's apparent claim from the plan, and that upon confirmation of a modified plan, that any funds then on hold for payment of Defendant's apparent claim may be disbursed to other creditors.

16. As of the date of this filing, Defendant has not filed a proof of claim with the Bankruptcy Court.

FIFTH NOTICE OF BANKRUPTCY PROCEEDING

17. On October 21, 2021, Plaintiff added an additional address for Defendant with the Bankruptcy Court. Plaintiff added the address of: P.O. Box 4387, Portland, OR 97208. Although the Portland, Oregon address for Defendant is not registered with the Minnesota Secretary of State as its Principal Executive Office address, nor the location of its manager, nor the Home Office address, all of which is the address previously provided to the Bankruptcy Court, the Portland, Oregon address is the only address referenced on Defendant's dunning letters sent to Plaintiff by U.S. Mail.

18. On October 21, 2021, Plaintiff's bankruptcy attorney sent a letter to Defendant providing notice to Defendant of Plaintiff's bankruptcy filing on July 14, 2021, that Defendant was listed on the Debtor's schedules as a Creditor, and that under Section 362(a) of the Bankruptcy Code, the filing of a Petition operates as a stay against any act to collect a debt owed as of the date the Debtor filed for bankruptcy. In addition, Plaintiff's bankruptcy attorney also provided notice that pursuant to Section 363(h), a willful violation of the stay may be remedied by the award of money for actual damages, including costs and attorney's fees, and in appropriate circumstances punitive damages. Plaintiff's bankruptcy attorney sent the letter to Defendant to its address of: P.O. Box 4387, Portland, OR 97208.

DEFENDANT'S COLLECTION CONTACTS WITH PLAINTIFF

19. Despite five notices of bankruptcy proceedings, both from the Bankruptcy Court and Plaintiff's bankruptcy attorney, and in violation of the Automatic Stay provision

5

of the Bankruptcy Code, Defendant has continued to contact Plaintiff by telephone, email, and U.S. Mail.

## TELEPHONE CALLS TO PLAINITFF

20. Defendant has attempted to reach Plaintiff by telephone on numerous occasions, and multiple times per day.

21. Defendant placed calls to Plaintiff from phone numbers: (209) 465-3790, (210) 361-8600, (346) 353-5516, (407) 337-8018, (505) 217-9964, (606) 666-3891, (661) 493-9869, (702) 273-3163, (803) 888-5364, (877) 492-3008, and (915) 320-7005.

22. Defendant called Plaintiff in violation of the Automatic Stay provision up to nine (9) times in a day, commonly calling 4-5 times per day.

23. In violation of the Automatic Stay provision, Defendant called Plaintiff on 205 occasions in just a 3-month period from October 8, 2021, until the date of this Complaint on December 22, 2021. Defendant called Plaintiff on:

   a. 12-21-21 – (3x) from 505-217-9664;
   b. 12-20-21 – (3x) from 505-217-9664;
   c. 12-17-21 – (1x) from 612-255-8780;
   d. 12-16-21 – (4x) from 210-361-8600;
   e. 12-15-21 – (3x) from 210-361-8600;
   f. 12-14-21 – (2x) from 803-888-5364 and 702-273-3163;
   g. 12-13-21 – (3x) from 803-888-5364, 877-492-3008, and 346-353-5614;
   h. 12-11-21 - (1x) from 346-353-5614;
   i. 12-10-21 – (5x) from 346-353-5614 (x4), and 210-361-8600 (1x);
   j. 12-9-21 – (3x) from 602-666-3891, 210-361-8600, and 877-492-3008;
   k. 12-8-21 – (5x) from 702-273-3163 (x2), and 602-666-3891 (x3);
   l. 12-7-21 – (5x) from 702-273-3163 (x3), 877-492-3008 (1x), and 702-273-3163 (1x);
   m. 12-6-21 – (2x) from 346-353-5614;
   n. 12-3-21 – (3x) from 210-361-8600 (1x) and 407-337-8018 (x2);
   o. 12-2-21 – (5x) from 210-361-8600 (x4) and 612-255-8780 (1x);
   p. 12-1-21 – (2x) from 210-361-8600;

q. 11-30-21 – (2x) from 210-361-8600;
r. 11-29-21 – (4x) from 210-361-8600;
s. 11-24-21 – (5x) from 346-353-5614 (x3), 877-492-3008 (1x), and 602-666-3894 (1x);
t. 11-23-21 – (4x) from 916-740-4272 (x2), 346-353-5614 (1x), and 612-509-4582 (1x);
u. 11-22-21 – (2x) from 916-740-4272;
v. 11-20-21 – (1x) from 407-337-8018;
w. 11-19-21 – (6x) from 407-337-8018 (x4), and 877-492-3008 (x2);
x. 11-18-21 – (5x) from 210-361-8600 (x3), 612-324-0943 (1x), and 505-217-9664 (1x);
y. 11-17-21 – (5x) from 346-353-5614 (x2), 602-666-3894 (1x), 877492-3008 (1x), and 505-217-9664 (1x);
z. 11-16-21 – (6x) from 877-492-3008 (x2), and 5052179664 (x4);
aa. 11-15-21 – (3x) from 702-273-3163;
bb. 11-12-21 – (5x) from 602-666-3891 (x4), and 877-492-3008 (1x);
cc. 11-11-21 – (5x) from 877-492-3008 (x2), and 602-666-3891 (x3);
dd. 11-10-21 – (7x) from 602-666-3891 (1x), 507-889-1408 (1x), 346-353-5614 (x2), 916-883-0098 (x2), and 661-493-9869 (1x);
ee. 11-9-21 - (1x) from 877-492-3008;
ff. 11-8-21 - (2x) from 877-492-3008 and 602-666-3891;
gg. 11-6-21 - (1x) from 877-492-3008;
hh. 11-5-21 – (1x) from 877-492-3008;
ii. 11-4-21 - (9x) from 702-273-3163 (3x)   210-361-8600 (3x) 877-492-3008 (3x);
jj. 11-3-21 - (4x) from 702-273-3163 (3x) 877-492-3008 (1x);
kk. 11-2-21 –(5x) from 702-273-3163 (4x)   877-492-3008 (1x);
ll. 11-1-21/ - (4x) from 702-273-6313 (3x)   877-492-3008 (1x);
mm.    10-29-21 – (2x) from 702-273-3163 (2x);
nn. 10-28-21 – (5x) from 346-353-5516 (1x), 602-666-3891 (1x), 702-273-3163 (2x), and 877-492-3008 (1x);
oo. 10-27-21 – (5x) from 346-353-5516 (3x), 877-492-3008 (1x), 803-888-5634 (1x);
pp. 10-26-21 – (4x) from 803-888-5634 (2x), 877-492-3008 (x1), 916 883-0098 (1x);
qq. 10-25-21 – (4x) from 407-337-8018 (2x), 877-492-3008 (1x), 916-883-0098 (1x);
rr. 10-23-21 – (1x) from 407-337-8018;
ss. 10-22-21 – (4x) from 916-883-0098 (2x), 877-492-3008 (1x), 407-337-8018 (1x);
tt. 10-22-21 – (3x) from 661-493-9869 (1x), 210-361-8600 (2x);
uu. 10-21-21 – (3x) from 661-493-9869 (x1), 210-361-8600 (2x);

7

Case 21-03045 Doc 1 Filed 12/22/21 Entered 12/22/21 16:04:48 Desc Main
Document Page 8 of 10

vv. 10-20-21 – (5x) from 505-217-9964 (3x), 877-492-3008 (1x), 803-888-5364 (1x);
ww. 10-19-21 – (2x) from 209-465-3790 (2x);
xx. 10-18-21 – (3x) from 877-492-3008 (1x), 209-465-3790 (2x);
yy. 10-16-21 – (1x) from 702-273-3163;
zz. 10-15-21 – (5x) from 346-353-5614 (2x), 302-337-2051 (1x), 916-740-4264 (1x), 702-273-3163 (1x);
aaa. 10-14-21 – (4x) from 346-353-5614 (3x), 877-492-3008 (1x);
bbb. 10-13-21 – (4x) from 702-273-3163;
ccc. 10-12-21 – (4x) from 702-273-3163;
ddd. 10-11-21 – (3x) from 702-273-3163;
eee. 10-9-21 – (2x) from 661-493-9869;
fff. 10-8-21 – (4x) from 915-320-7005 (2x), and 661-493-9869 (2x).

## EMAILS TO PLAINTIFF

24. Despite notice of bankruptcy proceedings and in violation of the Automatic Stay provision of the Bankruptcy Code, Defendant sent Plaintiff 10 e-mails stating that Plaintiff owed money on the account. Defendant emailed Plaintiff on: October 28, 2021, November 3, 2021, November 11, 2021, December 2, 2021, December 8, 2021, December 13, 2021, December 14, 2021, December 15, 2021, December 16, 2021, and December 20, 2021.

## LETTERS TO PLAINTIFF

25. Despite notice of bankruptcy proceeding and in violation of the Automatic Stay provision of the Bankruptcy Code, Defendant mailed 5 dunning letters to Plaintiff stating that he owned money. Defendant mailed dunning letters to Plaintiff on October 28, 2021, November 9, 2021, November 19, 2021, December 3, 2021, and on December 9, 2021.

26. Despite notice of bankruptcy proceedings, as well as notice from Plaintiff's bankruptcy attorney, and in violation of the Automatic Stay provision of the

Bankruptcy Code, Defendant has continued to email and call Plaintiff, alleging that Plaintiff owes money on the account that has been included in Plaintiff's bankruptcy proceeding.

## DAMAGES

27. Plaintiff has suffered emotional distress because of Defendant's incessant unlawful collection tactics. Plaintiff believed he was protected by the Bankruptcy Code. Due to Defendant's numerous unlawful collection attempts, Plaintiff has suffered sleeplessness, nervousness, embarrassment, depression, feelings of hopelessness, irritability, and negative impacts on his relationships.

28. Defendant has committed numerous willful violations of the Automatic Stay and/or the Chapter 13 Plan and is in contempt of the Bankruptcy Court, which is punishable under Section 105(a) of the Bankruptcy Code.

**WHEREFORE, Plaintiffs pray that the Court:**

a. Hold Defendant in contempt of court for violating 11 U.S.C. § 362 and/or the Modified Chapter 13 Plan;

b. Award to Plaintiff compensatory damages and attorney's fees against Defendant for contempt of court and pursuant to 11 U.S.C. § 105(a);

c. Order Defendant to cease its collection efforts against Plaintiff;

d. Award to Plaintiff compensatory damages, sanctions, punitive damages, and attorney's fees for contempt of court and pursuant to 11 U.S.C. § 362(h); and

e. Order all other relief that is just and proper.

9

| | |
|---|---|
| Dated: December 22, 2021 | /s/ Mark L. Vavreck |
| | Mark L. Vavreck, Esq. |
| | Attorney I.D. #: 0318619 |
| | GONKO & VAVRECK PLLC |
| | Designers Guild Building |
| | 401 North Third Street, Suite 640 |
| | Minneapolis, MN 55401 |
| | Telephone: (612) 659-9500 |
| | Facsimile: (612) 659-9220 |
| | Email: mvavreck@cgmvlaw.com |